# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC., § § § Plaintiff, § § v. § § Civil Action No. 6:08-CV-341-LED VERIZON WIRELESS (CELLCO § PARTNERSHIP d/b/a VERIZON WIRELESS), § VERIZON DATA SERVICES LLC, BELL § ATLANTIC COMMUNICATIONS, INC., *et al.*, § § Defendants. § § | |

## THE VERIZON DEFENDANTS' MOTION TO TRANSFER TO THE EASTERN DISTRICT OF NEW YORK PURSUANT TO THE FIRST-TO-FILE RULE

|  |  |
|---|---|
| | Michael E. Jones |
| OF COUNSEL: | Allen F. Gardner |
| John M. Desmarais | POTTER MINTON |
| KIRKLAND & ELLIS LLP | A Professional Corporation |
| 153 East 53rd Street | 110 North College 500 Plaza Tower |
| New York, New York 10022-4675 | Tyler, Texas 75702 |
| (212) 446-4800 | (903) 597-8311 |
| | |
| | *Attorneys for Cellco Partnership d/b/a Verizon* |
| Dated: August 29, 2008 | *Wireless, Verizon Data Services LLC, and Bell Atlantic Communications, Inc.* |

# TABLE OF CONTENTS

                                  **Page**

BACKGROUND OF THE PARTIES ...................................................................................1

BRIEF STATEMENT OF FACTS AND PROCEDURAL HISTORY .........................................3

ARGUMENT ...................................................................................................................4

I.   LEGAL STANDARDS ...........................................................................................4

II.   THE FIRST-TO-FILE RULE APPLIES BECAUSE THERE IS A SUBSTANTIAL OVERLAP OF ISSUES BETWEEN THE TEXAS ACTION AND THE NEW YORK ACTION .......................................................................................5

CONCLUSION ................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AmberWave Sys. Corp. v. Intel Corp.*,
    No. 2:05-CV-321, 2005 WL 2861476 (E.D. Tex. Nov. 1, 2005) ...................................... 5

*Cadle Co. v. Whataburger of Alice, Inc.*,
    174 F.3d 599 (5th Cir. 1999) ................................................................................................ 4

*Intel Corp. v. AmberWave Sys. Corp.*,
    233 F.R.D. 416 (D. Del. 2005) ....................................................................................... 5, 6

*Mann Mfg., Inc. v. Hortex, Inc.*,
    439 F.2d 403 (5th Cir. 1971) ................................................................................................ 5

*Nat'l Instruments Corp. v. Softwire Tech., LLC*,
    No. 2:03-CV-047, 2003 U.S. Dist. LEXIS 26952 (E.D. Tex. May 9, 2003) ...................... 6

*O2 Micro Int'l., Ltd. v. Monolithic Power Sys., Inc.*,
    No. 2:04-CV-359, 2006 WL 887391, (E.D. Tex. Mar. 28, 2006) ...................................... 6

*Save Power Ltd., v. Syntek Fin. Corp.*,
    121 F.3d 947 (5th Cir. 1997) ........................................................................................... 4, 6

*Sutter Corp. v. P & P Indus., Inc.*,
    125 F.3d 914 (5th Cir. 1997) ................................................................................................ 4

Defendants Verizon Wireless (Cellco Partnership d/b/a Verizon Wireless), Verizon Data Services LLC and Bell Atlantic Communications, Inc. (d/b/a Verizon Long Distance) (collectively, "the Verizon Defendants") respectfully move this Court, pursuant to the "First-to-File" rule, for an order transferring this action, as it relates to the Verizon Defendants, to the Eastern District of New York.[1] The instant action involves Klausner Technologies, Inc. ("Klausner") and substantially the same Verizon parties (one additional affiliated Verizon company was named in this action), the identical two patents and identical infringement and invalidity issues already at issue in an earlier action pending in United States District Court for the Eastern District of New York that Verizon Wireless and Verizon Data Services LLC filed against Klausner on August 13, 2008 and served on August 14, 2008. Because of this substantial overlap—or, more accurately, essential identity—of parties and issues between this action and the earlier-filed EDNY action, this action, as it relates to the Verizon Defendants, should be transferred to the Eastern District of New York.

## BACKGROUND OF THE PARTIES

Verizon Wireless provides wireless communication services for business and personal subscribers. Verizon Data Services LLC ("Verizon Data") is a related company that designs, develops, and supplies communication systems and technology for use by its affiliated companies, including Verizon Wireless, that provide wireline and wireless communications services.

Verizon Data designed and developed a proprietary system that permits a wireline or wireless subscriber to visually review selected attributes of voicemail messages received by the subscriber on their communications device, including the identity of the caller. The system also

---

[1] The Verizon Defendants hereby concurrently move to sever this action for the Verizon Defendants as the Court may deem appropriate to effect this relief under the First-to-File rule.

permits the subscriber to select a voicemail message for review from the visual display on the communications device. The service using this type of system is commonly known in the industry as "visual voicemail." Verizon Data or its affiliates own the intellectual property rights in its proprietary visual voicemail system.

Verizon Data's visual voicemail system was used by Verizon Wireless to introduce this month its new visual voicemail service for certain wireless telephones provided by Verizon Wireless to its subscribers.

Klausner is in the business of licensing and enforcing patents related to visual voicemail systems and services. Klausner asserts that it owns one or more patents that cover the use of visual notification of new voicemail messages, including caller identification information, and that provide the option of selectively retrieving a voicemail message from the display. (Allen Gardner Declaration in Support of Defendant Verizon's Motion to Transfer (the "Gardner Decl.") Ex. 1.) Klausner has publicly declared his intention of enforcing his patents against companies that provide visual voicemail service. (*Id*.)

Since 2006, Klausner has launched a well-publicized enforcement campaign against telephone companies, cable companies, VoIP providers, and Internet service providers, seeking hundreds of millions of dollars in royalties for allegedly infringing visual voicemail systems. (Gardner Decl. Exs. 1 & 2.) To date, Klausner has brought suit for infringement against AT&T Mobility, Apple Computer, Vonage, AOL, Comcast, Cablevision, eBay and other companies that provide communications devices that permit a user to visually review identification information regarding received voice messages and selectively retrieve them. (*Id*.) In particular, Klausner has sought to enforce U.S. Patent Nos. 5,283,818 ("the '818 patent") and 5,572,576 ("the '576 patent") against service providers who offer visual voicemail services. (Gardner Decl. Exs. 3 &

2

4.) Those prior suits were filed in this District but, to the best of the Verizon Defendants' knowledge, none are pending. In fact, the Verizon Defendants understand that Klausner has not only settled and dismissed all suits relating to visual voicemail, but has also obtained royalties/payments through patent license agreements from companies that offer visual voicemail services, including AT&T Mobility, Apple Computer, Vonage and Sprint.

Verizon Wireless's proprietary visual voicemail service using Verizon Data's proprietary visual voicemail system competes with the visual voicemail offerings already accused of infringement by Klausner. In view of Klausner's litigious actions, including its public campaign to extract hundreds of millions in licensing royalties from visual voicemail services and its serial litigations alleging infringement of the '818 and '576 patents by companies that offer such services, and in view of Verizon Wireless's introduction of visual voicemail services using Verizon Data's visual voicemail system to wireless applications of the type accused of infringement by other companies, Verizon Wireless and Verizon Data had a real and immediate need to resolve quickly the adverse interests between themselves and Klausner regarding Klausner's purported patent rights.

**BRIEF STATEMENT OF FACTS AND PROCEDURAL HISTORY**

With that need for immediate resolution, on August 13, 2008, Verizon Wireless and Verizon Data Services LLC filed a complaint in the United States District Court for the Eastern District of New York, Civil Action No. 08-CV-3287 (the "New York Action"), seeking a declaration of invalidity and non-infringement of Klausner's '818 and '576 patents. (Gardner Decl. Ex. 5.) Klausner was served immediately afterwards. (Gardner Decl. Ex. 6.) The court in the New York Action issued an Initial Order on August 25, 2008, setting an initial conference for December 18, 2008. (Gardner Decl. Ex. 7.)

Almost two weeks later, on August 26, 2008, Klausner filed this patent infringement action (the "Texas Action"). Klausner accuses the two Verizon plaintiffs in the New York Action, along with one additional affiliated Verizon company, Bell Atlantic Communications, Inc. (d/b/a Verizon Long Distance) and a number of non-Verizon entities, of infringing the '818 and '576 patents—the same two patents at issue in the New York Action. (*See* D.I. 1.)

## ARGUMENT

### I. Legal Standards

The "First-to-File" rule (the "Rule") derives from the well-established principles of "comity and wise judicial administration." *Save Power Ltd., v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). Courts use the Rule "to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) (emphasis in original).

Under this Rule, the court in which an action is first filed determines whether a subsequently filed case involving substantially similar issues should proceed. *See, e.g., Cadle*, 174 F.3d at 606 (to note that the first-filed court not only "decide[s] the merits of substantially similar issues," but also "decide[s] whether the second suit filed must be dismissed, stayed or transferred and consolidated") (quoting *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir. 1997)); *Save Power Ltd.,* 121 F.3d at 950.

Thus, the only inquiry by the court in which the second suit is filed is limited to whether there *might be* a substantial overlap of issues between the first and second suits. *See Cadle*, 174 F.3d at 606. If the second-filed court determines that a substantial overlap of issues between the first and second suits *might* exist, the second court should transfer the case to the first court to determine whether *actual* substantial overlap between the two actions exists. *See, e.g., Mann*

4

*Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971) ("By virtue of its prior jurisdiction over the common subject matter and its injunction of suit involving that subject matter in Texas, the ultimate determination of whether there *actually* was a substantial overlap requiring consolidation of the two suits in New York belonged to the United States District Court in New York.") (emphasis added; footnote omitted). As set forth below, transfer of this action to the Eastern District of New York is appropriate under the Rule.

## II. The First-To-File Rule Applies Because There Is A Substantial Overlap Of Issues Between The Texas Action And The New York Action

Indisputably, not only *might* the issues in the Texas Action and the first-filed New York Action substantially overlap, but they actually coincide. The same two and only two patents—the '818 and '576 patents—are at issue in both actions. (*see* Exs. A-B to Gardner Decl. Ex. 5.) Klausner, in its second-filed Texas Action, accuses the Verizon Defendants of infringing the '818 and '576 patents. These are the same accusations of infringement for which Verizon seeks a declaration of non-infringement in its first-filed New York Action. Verizon also challenges the validity of the same two patents. As a result, the complete identity of the invalidity and non-infringement issues in the two actions directly implicates the policies that underlie the First-to-File rule. *See AmberWave Sys. Corp. v. Intel Corp.*, No. 2:05-CV-321, 2005 WL 2861476 (E.D. Tex. Nov. 1, 2005) ("*AmberWave*"), and *Intel Corp. v. AmberWave Sys. Corp.*, 233 F.R.D. 416, 418 (D. Del. 2005) ("*Intel*"). Here, as in *Intel*, presentation of the parties' respective infringement and non-infringement positions for the two patents-in-suit "will require a judge, on the summary judgment motions that are sure to be filed, and a jury, at any trial of the case, to become familiar with the same field of art, the same fundamental science and technology associated with methods of semiconductor fabrication, the same allegedly infringing devices,

5

and, in any damages analysis, the same pricing, sales, and related market data." *Intel*, 233 F.R.D. at 418.

Moreover, two of the three Verizon companies that are defendants in the Texas Action are plaintiffs in the New York Action. It is well settled that the Rule does not require complete identity of the parties when evaluating a case under first-filed principles. *See, e.g., O2 Micro Int'l., Ltd. v. Monolithic Power Sys., Inc.*, No. 2:04-CV-359, 2006 WL 887391, at *2 (E.D. Tex. Mar. 28, 2006) (citing *Save Power*, 121 F.3d at 950) (transferring case pursuant to first-to-file rule even though second filed case included additional, unrelated defendants); *Nat'l Instruments Corp. v. Softwire Tech., LLC*, No. 2:03-CV-047, 2003 U.S. Dist. LEXIS 26952 (E.D. Tex. May 9, 2003). Nonetheless, Defendant Bell Atlantic Communications, Inc. agrees to be added as a declaratory plaintiff in the New York Action.

Based on the substantially overlapping—in fact, identical—issues and parties between the Texas and New York Actions highlighted above, the First-to-File rule applies.

## CONCLUSION

For all of the foregoing reasons, the Verizon Defendants respectfully request that the Court grant their motion and transfer this action, pursuant to the First-to-File rule, to the United States District Court for the Eastern District of District of New York.

Respectfully submitted,

Dated: August 29, 2008
    */s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
mikejones@potterminton.com
Allen F. Gardner
State Bar No. 24043679
allengardner@potterminton.com

POTTER MINTON
A Professional Corporation
110 North College 500 Plaza Tower
Tyler, Texas 75702
(903) 597-8311
Fax: (903) 593-0846

*Attorneys for Cellco Partnership d/b/a
Verizon Wireless, Verizon Data Services LLC,
and Bell Atlantic Communications, Inc. d/b/a
Verizon Long Distance*

OF COUNSEL:

John M. Desmarais
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, New York 10022-4675
(212) 446-4800

Edward C. Donovan
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington D.C. 2005
(202) 879-5000

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on August 29, 2008. Any other counsel of record will be served by First Class U.S. mail on this same date.

                */s/ Michael E. Jones*

# CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff and the Verizon Defendants participated in a meet and confer telephone conference on Friday, August 29, 2008 in an effort to resolve the issue presented by this motion. The parties have complied with the meet and confer requirement in Local Rule CV-7(h).

A personal conference required by Local Rule CV-7(h) was conducted on August 29, 2008. Allen F. Gardner, counsel for the Verizon Defendants, and Mrs. Elizabeth Derieux and Mr. Sean Luner, counsel for Plaintiff, were the primary individuals involved in these discussions and communications. Counsel for Plaintiff, Mr. Sean Luner, states that **Plaintiff is opposed** to the relief requested in this motion. Allen F. Gardner states that, as he understands it, the primary reason that agreement could not be reached is that Plaintiff believes that transfer is inappropriate

As such, Plaintiff and the Verizon Defendants were unable to resolve the issues raised by this motion, the parties are at an impasse, and this motion is therefore submitted to the Court for consideration.

/s/ Michael E. Jones
Michael E. Jones