# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | |
|---|---|
| Klausner Technologies, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Verizon Wireless (Cellco Partnership d/b/a Verizon Wirless; Verizon Data Services LLC; Bell Atlantic Communications, Inc.; Citrix Systems, Inc.; Comverse, Inc.; Cox Communications, Inc.; Embarq Communications, Inc.; Google Inc.; GrandCentral Communications, Inc.; LG Electronics Mobilecomm U.S.A., Inc.; PhoneFusion, Inc.; RingCentral, Inc. <br><br> Defendants. | CIVIL NO. 6:08-CV-341 (LED) <br><br> JURY TRIAL DEMANDED |

### COMVERSE, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Comverse, Inc. ("Comverse") responds to Plaintiff Klausner Technologies, Inc.'s ("Klausner") Complaint as follows:

### INTRODUCTION

1. Comverse is without full knowledge of the assignments of U.S. Patent Nos. 5,572,576 ("the '576 patent") and 5,283,818 ("the '818 patent") and, on that basis, denies that Klausner owns the inventions described in the patents. Comverse denies the allegations in the second sentence of Paragraph 1 of the Complaint. Comverse states that Klausner is not entitled to damages for patent infringement or an injunction.

## JURISDICTION AND VENUE

2. Comverse admits that Klausner's Complaint purports to be an action that arises under the Patent Act, 35 U.S.C. § 271 and 281, *et seq.*, but denies any wrongdoing or liability. Comverse admits that the Court has jurisdiction under 28 U.S.C. § 1338(a).

3. Comverse admits that it sells and licenses products and provides services to persons within the State of Texas and this District, but it denies that it has committed any acts of infringement within the State of Texas or this District, and specifically denies any wrongdoing, infringement, inducement of infringement, or contribution to infringement. Comverse states that venue is proper in this District pursuant to 28 U.S.C. § 1391(c).

## PARTIES

4. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 4 of the Complaint, and, on that basis, denies them.

## THE '576 PATENT

5. Comverse states that the `576 patent on its face states that it issued on November 5, 1996 and that a copy of the '576 patent is attached to Klausner's Complaint as Exhibit A, but Comverse denies that the '576 patent was duly and legally issued. Comverse is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

## THE '818 PATENT

6. Comverse states that the `818 patent on its face states that it issued on February 1, 1994 and that a copy of the '818 patent is attached to Klausner's Complaint as Exhibit B, but Comverse denies that the '818 patent was duly and legally issued. Comverse is without knowledge or information sufficient to admit or deny the remaining allegations in this paragraph, and therefore they are denied.

## DEFENDANTS

7. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 7 of the Complaint and, on that basis, denies them.

8. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 8 of the Complaint and, on that basis, denies them.

9. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 9 of the Complaint and, on that basis, denies them.

10. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 10 of the Complaint and, on that basis, denies them.

11. Admitted.

12. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 12 of the Complaint and, on that basis, denies them.

13. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 13 of the Complaint and, on that basis, denies them.

14. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 14 of the Complaint and, on that basis, denies them.

15. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 15 of the Complaint and, on that basis, denies them.

16. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 16 of the Complaint and, on that basis, denies them.

17. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 17 of the Complaint and, on that basis, denies them.

18. Comverse is without knowledge or information sufficient to form a belief as to the truth of the statements in Paragraph 18 of the Complaint and, on that basis, denies them.

## FIRST CLAIM FOR PATENT INFRINGEMENT ('576 PATENT)

19. Comverse realleges and incorporates by reference herein its responses provided in Paragraphs 1–18 above.

20. Comverse states that the `576 patent on its face states that it issued on November 5, 1996 and is entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message," but denies that it was duly and legally issued.

21. Comverse is without full knowledge of the assignments of the '576 patent, and, on that basis, denies the allegations in Paragraph 21.

22. Denied.

23. Denied.

## SECOND CLAIM FOR PATENT INFRINGEMENT ('818 PATENT)

24. Comverse realleges and incorporates by reference herein its responses provided in Paragraphs 1–18 above.

25. Comverse states that the `818 patent on its face states that it issued on February 1, 1994 and is entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message," but denies that it was duly and legally issued.

26. Comverse is without full knowledge of the assignments of the `818 patent, and, on that basis, denies the allegations in Paragraph 26 of the Complaint.

27. Denied.

28. Denied.

29. Comverse does not object to a trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

Comverse denies that Klausner is entitled to any of the relief sought in its prayer for relief against Comverse, its officers, directors, employees, agents, successors and assigns, and those acting in privity or concert with Comverse. Comverse has not directly, indirectly, contributorily and/or by inducement, infringed any claim of the `576 patent or `818 patent, either

literally or by the doctrine of equivalents, willfully or otherwise. Klausner is not entitled to recover statutory damages, compensatory damages, and accounting, injunctive relief, costs, fees, interest, or any other type of recovery from Comverse. Klausner's prayer should, therefore, be denied in its entirety and with prejudice, and Klausner should take nothing. Comverse asks that judgment be entered for Comverse and that this action be found to be an exceptional case under 35 U.S.C. § 285 entitling Comverse to be awarded attorneys' fees in defending against Klausner's Complaint, together with such other and further relief the Court deems appropriate.

## DEFENSES

As and for its defenses, Comverse alleges as follows:

### First Defense – Failure To State A Claim

30. The Complaint fails to state a claim upon which relief can be granted because Comverse has not performed any act or thing and is not proposing to perform any act or thing in violation of any rights validly belonging to Plaintiff.

### Second Defense – Noninfringement

31. Comverse does not infringe and has not infringed, either directly, indirectly, contributorily, or by inducement, any valid claim of either the `576 or `818 patents either literally or under the doctrine of equivalents, willfully or otherwise.

### Third Defense – Patent Invalidity

32. The claims of the '576 and '818 patents are invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to sections 102, 103, and/or 112.

### Fifth Defense – Laches

33. Klausner's claims for relief are barred in whole or in part, by the equitable doctrine of laches.

5

### Sixth Defense – Limitations on Damages

34. Klausner's claims for relief and prayer for damages are limited by the Patent Laws of the United States and the extent to which Klausner has failed to comply with such laws.

### Seventh Defense – Lack of Standing

35. Klausner lacks standing to bring this suit because, as shown on the face of the Patents, Klausner is not the assignee of the Patents.

### COUNT ONE – UNITED STATES PATENT NO. 5,572,576

36. Klausner claims to be the owner of the `576 patent entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message," issued on November 5, 1996. The `576 patent identifies the alleged inventors as Judah Klausner and Robert Hotto, and the assignee as Klausner Patent Technologies. A true and correct copy of the `576 patent is attached as Exhibit 1.

#### A. Declaration of Noninfringement

37. Comverse realleges and incorporates by reference the allegations and statements set forth in Paragraphs 1–36 above as if fully set forth herein.

38. An actual and justiciable controversy exists between Comverse and Klausner with respect to the `576 patent because Klausner has brought an action against Comverse alleging that Comverse infringes claims of the `576 patent, which allegation Comverse denies. Absent a declaration of noninfringement, Klausner will continue to wrongfully assert the `576 patent against Comverse, and thereby cause Comverse irreparable injury and damage.

39. Comverse has not infringed any claim of the `576 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

40. This is an exceptional case entitling Comverse to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B. Declaration of Invalidity

41. Comverse realleges and incorporates by reference the allegations and statements set forth in Paragraphs 1–40 above as if fully set forth herein.

42. An actual and justiciable controversy exists between Comverse and Klausner with respect to the `576 patent because Klausner has brought an action against Comverse alleging that Comverse infringes claims of the `576 patent, which allegation Comverse denies. Absent a declaration of invalidity, Klausner will continue to wrongfully assert the `576 patent against Comverse, and thereby cause Comverse irreparable injury and damage.

43. Every claim of the `576 patent is invalid under the provisions of Title 35, United States Code, including, but not limited to sections 102, 103, and/or 112, and Comverse is entitled to a declaration to that effect.

44. This is an exceptional case entitling Comverse to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### COUNT TWO – UNITED STATES PATENT NO. 5,283,818

45. Klausner claims to be the owner of the `818 patent entitled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message," issued on February 1, 1994. The `818 patent identifies the alleged inventors as Judah Klausner and Robert Hotto, and the assignee as Klausner Patent Technologies. A true and correct copy of the `818 patent is attached as Exhibit 2.

### A. Declaration of Noninfringement

46. Comverse realleges and incorporates by reference the allegations and statements set forth in Paragraphs 1–45 above as if fully set forth herein.

47. An actual and justiciable controversy exists between Comverse and Klausner with respect to the `818 patent because Klausner has brought an action against Comverse alleging that Comverse infringes claims of the `818 patent, which allegation Comverse denies. Absent a declaration of noninfringement, Klausner will continue to wrongfully assert the `818 patent against Comverse, and thereby cause Comverse irreparable injury and damage.

48. Comverse has not infringed any claim of the `818 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise, and is entitled to a declaration to that effect.

49. This is an exceptional case entitling Comverse to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### B. Declaration of Invalidity

50. Comverse realleges and incorporates by reference the allegations and statements set forth in Paragraphs 1–49 above as if fully set forth herein.

51. An actual and justiciable controversy exists between Comverse and Klausner with respect to the `818 patent because Klausner has brought an action against Comverse alleging that Comverse infringes claims of the `818 patent, which allegation Comverse denies. Absent a declaration of invalidity, Klausner will continue to wrongfully assert the `818 patent against Comverse, and thereby cause Comverse irreparable injury and damage.

52. Every claim of the `818 patent is invalid under the provisions of Title 35, United States Code, including, but not limited to sections 102, 103, and/or 112, and Comverse is entitled to a declaration to that effect.

53. This is an exceptional case entitling Comverse to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## RELIEF

WHEREFORE, Comverse seeks the following relief:

a. That each and every claim of the `576 patent or the `818 patent be declared not infringed and invalid;

b. That the `576 patent and the `818 patent be declared unenforceable due to inequitable conduct.

c. That Klausner take nothing by its Complaint and that Klausner's Complaint be dismissed with prejudice;

d. That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Klausner's conduct in commencing and pursuing this action be found to render this an exceptional case and that Comverse be awarded its attorneys' fees incurred in connection with this action;

e. That Comverse be awarded its cost of suit incurred herein; and

f. That Comverse be granted such other and additional relief as this Court deems just and proper.

DATED: October 30, 2008							Respectfully submitted,

        */s/ Daniel Booth*
Christopher J. Cox (lead counsel)
Matthew D. Powers
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
chris.cox@weil.com
matthew.powers@weil.com

David Greenbaum
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: 212-310-8000
Fax: 212-310-8007
david.greenbaum@weil.com

Daniel Booth
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, Texas 77002
Telephone: 713-546-5000
Facsimile: 713-224-9511
daniel.booth@weil.com

**ATTORNEYS FOR DEFENDANT
COMVERSE CORPORATION**

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 30th day of October, 2008.

                                                  */s/ Daniel Booth*
                                                  Daniel Booth