IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC., a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Verizon Wireless (Cellco Partnership d/b/a Verizon Wireless), a Delaware general partnership; Verizon Data Services LLC, a Delaware limited liability company; Bell Atlantic Communications, Inc., a Delaware corporation; Citrix Systems, Inc., a Delaware corporation; Comverse, Inc., a Delaware corporation; Cox Communications, Inc., a Delaware corporation; Embarq Communications, Inc., a Delaware corporation; Google Inc., a Delaware corporation; GrandCentral Communications, Inc., a Delaware corporation; LG Electronics Mobilecomm U.S.A., Inc., a California Corporation; PhoneFusion, Inc., a Delaware corporation; RingCentral, Inc., a California Corporation,<br><br>Defendants. | Case No. 6:08-cv-341 (LED)<br><br>(JURY TRIAL) |

## PLAINTIFF KLAUSNER TECHNOLOGIES, INC.'S REPLY TO COUNTERCLAIMS OF COMVERSE, INC.

Plaintiff Klausner Technologies, Inc. ("Klausner") hereby answers the counterclaims of Defendant Comverse, Inc. ("Comverse"). The paragraphs in this reply are numbered to correspond with the paragraph numbers in Comverse's counterclaims; accordingly, the first numbered paragraph is number 36. All of the allegations of the counterclaims not specifically admitted herein are specifically denied.

## Count One – United States Patent No. 5,572,576

36. Klausner admits the allegations contained in paragraph 36 of Comverse's counterclaims.

### A. Declaration of Noninfringement

37. Klausner incorporates by reference its response to the allegations of paragraph 36 above. Except as expressly admitted, Klausner denies each of the allegations of paragraph 37.

38. Klausner denies each allegation contained in paragraph 38 of Comverse's counterclaims, except Klausner admits that an actual and justiciable controversy exists between Comverse and Klausner with respect to the '576 patent because Klausner has brought an action against Comverse alleging that Comverse infringes claims of the '576 patent, which allegations Comverse denies.

39. Klausner denies the allegations contained in paragraph 39 of Comverse's counterclaims.

40. Klausner denies the allegation contained in paragraph 40 of Comverse's counterclaims.

### B. Declaration of Invalidity

41. Klausner incorporates by reference its response to the allegations of paragraphs 36 through 40 of Comverse's counterclaims. Except as expressly admitted, Klausner denies each of the allegations of paragraph 41.

42. Klausner denies each allegation contained in paragraph 42 of Comverse's counterclaims, except Klausner admits that an actual and justiciable controversy exists between Comverse and Klausner with respect to the '576 patent because Klausner has brought an action against Comverse alleging that Comverse infringes claims of the '576 patent, which allegations Comverse denies.

43. Klausner denies the allegations contained in paragraph 43 of Comverse's counterclaims.

44. Klausner denies the allegations contained in paragraph 44 of Comverse's counterclaims.

## Count Two – United States Patent No. 5,283,818

45. Klausner admits the allegations contained in paragraph 45 of Comverse's counterclaims.

### A. Declaration of Noninfringement

46. Klausner incorporates by reference its response to the allegations of paragraphs 36 through 45 of Comverse's counterclaims. Except as expressly admitted, Klausner denies each of the allegations of paragraph 46.

47. Klausner denies each allegation contained in paragraph 47 of Comverse's counterclaims, except Klausner admits that an actual and justiciable controversy exists between Comverse and Klausner with respect to the '818 patent because Klausner has brought an action against Comverse alleging that Comverse infringes claims of the '818 patent, which allegations Comverse denies.

48. Klausner denies the allegations contained in paragraph 48 of Comverse's counterclaims.

49. Klausner denies the allegations contained in paragraph 49 of Comverse's counterclaims.

### B. Declaration of Invalidity

50. Klausner incorporates by reference its response to the allegations of paragraphs 36 through 49 of Comverse's counterclaims. Except as expressly admitted, Klausner denies each of the allegations of paragraph 50.

51. Klausner denies each allegation contained in paragraph 51 of Comverse's counterclaims, except Klausner admits that an actual and justiciable controversy exists between Comverse and Klausner with respect to the '818 patent because Klausner has brought an action against Comverse alleging that Comverse infringes claims of the '818 patent, which allegations Comverse denies.

52. Klausner denies the allegations contained in paragraph 52 of Comverse's counterclaims.

53.     Klausner denies the allegations contained in paragraph 53 of Comverse's counterclaims.

## Prayer for Relief

Klausner denies that Comverse is entitled to the relief it seeks or any relief for the allegations made in its counterclaims.

## Jury Demand

Klausner demands trial by jury of all issues.

Dated: November 13, 2008                    Respectfully submitted,

By: /s/ Elizabeth L. DeRieux
　　S. Calvin Capshaw
　　State Bar No. 03783900
　　Elizabeth L. DeRieux
　　State Bar No. 05770585
　　N. Claire Abernathy
　　State Bar No. 24053063
　　CAPSHAW DERIEUX, LLP
　　1127 Judson Road, Suite 220
　　Longview, Texas 75601
　　Telephone: (903) 236-9800
　　Facsimile: (903) 236-8787
　　E-mail: ccapshaw@capshawlaw.com
　　E-mail: ederieux@capshawlaw.com
　　E-mail: chenry@capshawlaw.com

<pre>
                    Gregory S. Dovel
                    California State Bar No. 135387
                    Sean A. Luner
                    California State Bar No. 165443
                    Christin K. Cho
                    California State Bar No. 238173
                    DOVEL & LUNER, LLP
                    201 Santa Monica Blvd., Suite 600
                    Santa Monica, California 90401
                    Telephone: (310) 656-7066
                    Facsimile: (310) 657-7069
                    E-mail: greg@dovellaw.com
                    E-mail: luner@dovellaw.com
                    E-mail: christin@dovellaw.com
</pre>

**ATTORNEYS FOR PLAINTIFF,
KLAUSNER TECHNOLOGIES, INC.**

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served this 13th day of November, 2008, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served via electronic mail, facsimile transmission and/or first class mail on this same date.

<pre>
                            /s/ Elizabeth L. DeRieux
                              Elizabeth L. DeRieux
</pre>