# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **KLAUSNER TECHNOLOGIES, INC.** | 6:08-cv-00341-LED |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| **VERIZON WIRELESS (CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS), VERIZON DATA SERVICES LLC, BELL ATLANTIC COMMUNICATIONS, INC., CITRIX SYSTEMS, INC., COMVERSE, INC., COX COMMUNICATIONS, INC., EMBARQ COMMUNICATIONS, INC., GOOGLE INC., GRANDCENTRAL COMMUNICATIONS, INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., PHONEFUSION, INC., RING CENTRAL, INC.,** | |
| Defendants. | |

## DEFENDANT GRANDCENTRAL COMMUNICATIONS, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

Defendant GrandCentral Communications, Inc. ("GrandCentral"), by and through its undersigned counsel, as and for its Answer to Plaintiff's Complaint for Patent Infringement (the "Complaint"), states as follows:

1. GrandCentral admits that U.S. Patent No. 5,572,576 (the "'576 patent") is titled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" and that U.S. Patent No. 5,283,818 (the "'818 patent") is titled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message." GrandCentral lacks sufficient knowledge to admit or deny the allegations as to ownership and therefore denies those allegations.

1

GrandCentral denies the remaining allegations of paragraph 1.

2. GrandCentral admits the allegations of paragraph 2.

3. GrandCentral denies the allegations of paragraph 3.

4. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 4 and therefore denies those allegations.

5. GrandCentral admits that the United States Patent and Trademark Office issued the '576 patent on November 5, 1996. GrandCentral admits that Exhibit A appears to be a copy of the '576 patent. GrandCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 5 and therefore denies those allegations.

6. GrandCentral admits that the United States Patent and Trademark Office issued the '818 patent on February 1, 1994. GrandCentral admits that Exhibit B appears to be a copy of the '818 patent. GrandCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 6 and therefore denies those allegations.

7. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 7 and therefore denies those allegations.

8. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 8 and therefore denies those allegations.

9. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 9 and therefore denies those allegations.

10. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 10 and therefore denies those allegations.

11. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 11 and therefore denies those allegations.

12. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 12 and therefore denies those allegations.

13. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 13 and therefore denies those allegations.

14. GrandCentral admits the allegations of paragraph 14.

15. GrandCentral admits the allegations of paragraph 15.

16. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 16 and therefore denies those allegations.

17. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 17 and therefore denies those allegations.

18. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 18 and therefore denies those allegations.

19. GrandCentral incorporates by reference each of its responses in paragraphs 1-18 above.

20. GrandCentral admits that on or about November 5, 1996, the '576 patent was issued by the United States Patent and Trademark Office. GrandCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 20 and therefore denies those allegations.

21. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 21 and therefore denies those allegations.

22. As to GrandCentral only, GrandCentral denies the allegations of paragraph 22. GrandCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 22 and therefore denies those remaining allegations.

23. As to GrandCentral only, GrandCentral denies the allegations of paragraph 23. GrandCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 23 and therefore denies those remaining allegations.

24. GrandCentral incorporates by reference each of its responses in paragraphs 1-18 above.

25. GrandCentral admits that on or about February 1, 1994, the '818 patent was issued by the United States Patent and Trademark Office. GrandCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 25 and therefore denies those allegations.

26. GrandCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 26 and therefore denies those allegations.

27. As to GrandCentral only, GrandCentral denies the allegations of paragraph 27. GrandCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 27 and therefore denies those remaining allegations.

28. As to GrandCentral only, GrandCentral denies the allegations of paragraph 28. GrandCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 28 and therefore denies those remaining allegations.

29. GrandCentral admits that Klausner Technologies, Inc. ("Klausner") has demanded a jury trial.

## RESPONSE TO PRAYER FOR RELIEF

GrandCentral denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '576 patent or the '818 patent. GrandCentral also denies that Klausner is entitled to any of the relief requested against GrandCentral, including injunctive relief, damages, attorneys' fees, costs, interest, or any other relief of any kind.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Non-Infringement)

30. GrandCentral does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the '576 patent.

31. GrandCentral does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the '818 patent.

### Second Affirmative Defense

### (Invalidity)

32. One or more asserted claims of the '576 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

33. One or more asserted claims of the '818 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

### Third Affirmative Defense

### (Prosecution History Estoppel)

34. Klausner is estopped from asserting that any interpretation of one or more asserted claims of the '576 and '818 patents would be broad enough to cover any GrandCentral product Klausner accuses of infringement based on statements, representations, and admissions made during the prosecution of the patent applications that resulted in the '576, '818, and related patents.

### Fourth Affirmative Defense

### (Waiver, Laches, Estoppel)

35. Klausner's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.

### COUNTERCLAIMS

GrandCentral asserts the following counterclaims against Klausner:

### The Parties

36. GrandCentral is a Delaware corporation, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

37. Klausner states that it is a corporation existing under and by virtue of the laws of the State of New York.

38. Klausner alleges to be the owner of all right, title, and interest in and to the '576 patent.

39. Klausner alleges to be the owner of all right, title, and interest in and to the '818 patent.

### Jurisdiction

40. These counterclaims for declaratory judgments of invalidity, non-infringement, and unenforceability of the '576 and '818 patents arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Act of the United States, 35 U.S.C. §101, *et seq.*, including but not limited to §§ 102 and 103. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

41. Klausner has submitted to personal jurisdiction of this Court by bringing the present action.

**Venue**

42. Subject to GrandCentral's affirmative defenses and denials, venue over these counterclaims is proper in this District Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Klausner brought its complaint for infringement of the '576 and '818 patents in this Court.

**Count 1: Declaratory Relief Regarding the '576 Patent**

43. An actual and justiciable controversy exists between GrandCentral and Klausner as to the non-infringement, invalidity, and unenforceability of the '576 patent, as evidenced by Klausner's complaint and GrandCentral's answer to that complaint, as set forth above.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GrandCentral requests that the Court declare that GrandCentral does not infringe and has not infringed any claim of the '576 patent.

45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GrandCentral requests that the Court declare that one or more claims of the '576 patent are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 102, 103, and 112.

**Count 2: Declaratory Relief Regarding the '818 Patent**

46. An actual and justiciable controversy exists between GrandCentral and Klausner as to the non-infringement, invalidity, and unenforceability of the '818 patent, as evidenced by Klausner's complaint and GrandCentral's answer to that complaint, as set forth above.

47. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GrandCentral requests that the Court declare that GrandCentral does not infringe and has not infringed any claim of the '818 patent.

48. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, GrandCentral requests that the Court declare that one or more claims of the '818 patent are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 102, 103, and 112.

**WHEREFORE**, GrandCentral prays for judgment as follows:

49. That the Court enter a declaration that GrandCentral does not infringe and has not infringed the '576 patent;

50. That the Court enter a declaration that GrandCentral does not infringe and has not infringed the '818 patent;

51. That the Court enter a declaration that the '576 patent is invalid and unenforceable;

52. That the Court enter a declaration that the '818 patent is invalid and unenforceable;

53. That Klausner's complaint be dismissed with prejudice;

54. That Klausner take nothing from its complaint;

55. That GrandCentral be awarded its costs, expenses, and reasonable attorneys fees in this action; and

56. That GrandCentral be awarded such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

57. GrandCentral hereby demands a jury trial in this action.

Dated:  December 3, 2008               Respectfully submitted,

                                                    By:   */s/ Nicholas H. Patton*
Nicholas H. Patton (SBN 15631000)
nickpatton@texarkanalaw.com
PATTON, TIDWELL & SCHROEDER, LLP
4605 Texas Blvd.
Texarkana, TX 75503
Telephone:  (903) 792-7080
Facsimile:   (903) 792-8233

Ruffin B. Cordell (Bar No. 04820550)
*Lead Attorney*
cordell@fr.com
FISH & RICHARDSON P.C.
1425 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

John W. Thornburgh *(pro hac vice)*
thornburgh@fr.com
Brian Wacter *(pro hac vice)*
wacter@fr.com
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA  92130
Telephone:  (858) 678-5070
Facsimile:   (858) 678-5099

Attorneys for Defendant
GrandCentral Communications, Inc.

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM-ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 3rd day of December 2008.

                                                  */s/ Nicholas H. Patton*
                                                  Nicholas H. Patton