# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **KLAUSNER TECHNOLOGIES, INC.** | **6:08-cv-00341-LED** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| **VERIZON WIRELESS (CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS), VERIZON DATA SERVICES LLC, BELL ATLANTIC COMMUNICATIONS, INC., CITRIX SYSTEMS, INC., COMVERSE, INC., COX COMMUNICATIONS, INC., EMBARQ COMMUNICATIONS, INC., GOOGLE INC., GRANDCENTRAL COMMUNICATIONS, INC., LG ELECTRONICS MOBILECOMM U.S.A., INC., PHONEFUSION, INC., RING CENTRAL, INC.,** | |
| Defendants. | |

## DEFENDANT GOOGLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

Defendant Google Inc. ("Google"), by and through its undersigned counsel, as and for its Answer to Plaintiff's Complaint for Patent Infringement (the "Complaint"), states as follows:

1. Google admits that U.S. Patent No. 5,572,576 (the "'576 patent") is titled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" and that U.S. Patent No. 5,283,818 (the "'818 patent") is titled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message." Google lacks sufficient knowledge to admit or deny the allegations as to ownership and therefore denies those allegations. Google denies the remaining allegations of paragraph 1.

1

2. Google admits the allegations of paragraph 2.

3. Google denies the allegations of paragraph 3.

4. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 4 and therefore denies those allegations.

5. Google admits that the United States Patent and Trademark Office issued the '576 patent on November 5, 1996. Google admits that Exhibit A appears to be a copy of the '576 patent. Google lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 5 and therefore denies those allegations.

6. Google admits that the United States Patent and Trademark Office issued the '818 patent on February 1, 1994. Google admits that Exhibit B appears to be a copy of the '818 patent. Google lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 6 and therefore denies those allegations.

7. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 7 and therefore denies those allegations.

8. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 8 and therefore denies those allegations.

9. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 9 and therefore denies those allegations.

10. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 10 and therefore denies those allegations.

11. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 11 and therefore denies those allegations.

12. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 12

and therefore denies those allegations.

13. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 13 and therefore denies those allegations.

14. Google admits the allegations of paragraph 14.

15. Google admits the allegations of paragraph 15.

16. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 16 and therefore denies those allegations.

17. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 17 and therefore denies those allegations.

18. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 18 and therefore denies those allegations.

19. Google incorporates by reference each of its responses in paragraphs 1-18 above.

20. Google admits that on or about November 5, 1996, the '576 patent was issued by the United States Patent and Trademark Office. Google lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 20 and therefore denies those allegations.

21. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 21 and therefore denies those allegations.

22. As to Google only, Google denies the allegations of paragraph 22. Google lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 22 and therefore denies those remaining allegations.

23. As to Google only, Google denies the allegations of paragraph 23. Google lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 23 and therefore denies those remaining allegations.

24. Google incorporates by reference each of its responses in paragraphs 1-18 above.

25. Google admits that on or about February 1, 1994, the '818 patent was issued by the United States Patent and Trademark Office. Google lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 25 and therefore denies those allegations.

26. Google lacks sufficient knowledge to admit or deny the allegations of paragraph 26 and therefore denies those allegations.

27. As to Google only, Google denies the allegations of paragraph 27. Google lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 27 and therefore denies those remaining allegations.

28. As to Google only, Google denies the allegations of paragraph 28. Google lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 28 and therefore denies those remaining allegations.

29. Google admits that Klausner Technologies, Inc. ("Klausner") has demanded a jury trial.

## RESPONSE TO PRAYER FOR RELIEF

Google denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '576 patent or the '818 patent. Google also denies that Klausner is entitled to any of the relief requested against Google, including injunctive relief, damages, attorneys' fees, costs, interest, or any other relief of any kind.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

**(Non-Infringement)**

30. Google does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the '576 patent.

31. Google does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the '818 patent.

## Second Affirmative Defense

### (Invalidity)

32. One or more asserted claims of the '576 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

33. One or more asserted claims of the '818 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

## Third Affirmative Defense

### (Prosecution History Estoppel)

34. Klausner is estopped from asserting that any interpretation of one or more asserted claims of the '576 and '818 patents would be broad enough to cover any Google product Klausner accuses of infringement based on statements, representations, and admissions made during the prosecution of the patent applications that resulted in the '576, '818, and related patents.

## Fourth Affirmative Defense

### (Waiver, Laches, Estoppel)

35. Klausner's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.

## COUNTERCLAIMS

Google asserts the following counterclaims against Klausner:

## The Parties

36. Google is a Delaware corporation, with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

37. Klausner states that it is a corporation existing under and by virtue of the laws of the State of New York.

38. Klausner alleges to be the owner of all right, title, and interest in and to the '576 patent.

39. Klausner alleges to be the owner of all right, title, and interest in and to the '818 patent.

## Jurisdiction

40. These counterclaims for declaratory judgments of invalidity, non-infringement, and unenforceability of the '576 and '818 patents arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Act of the United States, 35 U.S.C. §101, *et seq.*, including but not limited to §§ 102 and 103. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

41. Klausner has submitted to personal jurisdiction of this Court by bringing the present action.

## Venue

42. Subject to Google's affirmative defenses and denials, venue over these counterclaims is proper in this District Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Klausner brought its complaint for infringement of the '576 and '818 patents in this Court.

## Count 1: Declaratory Relief Regarding the '576 Patent

43. An actual and justiciable controversy exists between Google and Klausner as to the non-infringement, invalidity, and unenforceability of the '576 patent, as evidenced by Klausner's complaint and Google's answer to that complaint, as set forth above.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Google requests that the Court declare that Google does not infringe and has not infringed any claim of the '576 patent.

45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Google requests that the Court declare that one or more claims of the '576 patent are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 102, 103, and 112.

## Count 2: Declaratory Relief Regarding the '818 Patent

46. An actual and justiciable controversy exists between Google and Klausner as to the non-infringement, invalidity, and unenforceability of the '818 patent, as evidenced by Klausner's complaint and Google's answer to that complaint, as set forth above.

47. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Google requests that the Court declare that Google does not infringe and has not infringed any claim of the '818 patent.

48. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, Google requests that the Court declare that one or more claims of the '818 patent are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 102, 103, and 112.

**WHEREFORE**, Google prays for judgment as follows:

49. That the Court enter a declaration that Google does not infringe and has not infringed the '576 patent;

50. That the Court enter a declaration that Google does not infringe and has not infringed the '818 patent;

51. That the Court enter a declaration that the '576 patent is invalid and unenforceable;

52. That the Court enter a declaration that the '818 patent is invalid and unenforceable;

53. That Klausner's complaint be dismissed with prejudice;

54. That Klausner take nothing from its complaint;

55. That Google be awarded its costs, expenses, and reasonable attorneys' fees in this action; and

56. That Google be awarded such other and further relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

57. Google hereby demands a jury trial in this action.

Dated: December 3, 2008                    Respectfully submitted,

                                           By: */s/ Nicholas H. Patton*
                                               Nicholas H. Patton (SBN 15631000)
                                               nickpatton@texarkanalaw.com
                                               PATTON, TIDWELL & SCHROEDER, LLP
                                               4605 Texas Blvd.
                                               Texarkana, TX 75503
                                               Telephone: (903) 792-7080
                                               Facsimile: (903) 792-8233

                                               Ruffin B. Cordell (Bar No. 04820550)
                                               *Lead Attorney*
                                               cordell@fr.com
                                               FISH & RICHARDSON P.C.
                                               1425 K Street, N.W., Suite 1100
                                               Washington, D.C. 20005
                                               Telephone: (202) 783-5070
                                               Facsimile: (202) 783-2331

                                               John W. Thornburgh *(pro hac vice)*
                                               thornburgh@fr.com
                                               Brian Wacter *( pro hac vice)*
                                               wacter@fr.com
                                               FISH & RICHARDSON P.C.
                                               12390 El Camino Real
                                               San Diego, CA 92130
                                               Telephone: (858) 678-5070
                                               Facsimile: (858) 678-5099

                                           Attorneys for Defendant GOOGLE INC.

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM-ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by facsimile transmission and/or first class mail this 3rd day of December 2008.

                                                */s/ Nicholas H. Patton*
                                                Nicholas H. Patton