IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC. § | |
|     Plaintiff, § | |
| § | Civil Action No. 6:08-CV-00341-LED |
| v. § | JURY TRIAL DEMANDED |
| § | |
| VERIZON WIRELESS, VERIZON DATA § | |
| SERVICES, LLC, BELL ATLANTIC § | |
| COMMUNICATIONS, INC., CITRIX § | |
| SYSTEMS, INC., COMVERSE, INC. § | |
| COX COMMUNICATIONS, INC. § | |
| GOOGLE, INC., GRANDCENTRAL § | |
| COMMUNICATIONS, INC., LG § | |
| ELECTRONICS MOBILECOMM USA, INC., § | |
| PHONEFUSION, INC., and § | |
| RINGCENTRAL, INC. § | |

## DEFENDANT RINGCENTRAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS

Defendant RingCentral, Inc. ("RingCentral"), by and through its undersigned counsel, as and for its Answer to Plaintiff's Complaint for Patent Infringement (the "Complaint"), states as follows:

1. RingCentral admits that U.S. Patent No. 5,572,576 (the "'576 patent") is titled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message" and that U.S. Patent No. 5,283,818 (the "'818 patent") is titled "Telephone Answering Device Linking Displayed Data with Recorded Audio Message." RingCentral lacks sufficient knowledge to admit or deny the allegations as to ownership, and therefore denies those allegations. RingCentral denies the remaining allegations of paragraph 1.

2. RingCentral admits the allegations of paragraph 2.

3. RingCentral denies the allegations of paragraph 3.

4. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 4 and therefore denies those allegations.

5. RingCentral admits that the United States Patent and Trademark Office issued the '576 patent on November 5, 1996. RingCentral admits that Exhibit A appears to be a copy of the '576 patent. RingCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 5 and therefore denies those allegations.

6. RingCentral admits that the United States Patent and Trademark Office issued the '818 patent on February 1, 1994. RingCentral admits that Exhibit B appears to be a copy of the '818 patent. RingCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 6 and therefore denies those allegations.

7. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 7 and therefore denies those allegations.

8. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 8 and therefore denies those allegations.

9. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 9 and therefore denies those allegations.

10. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 10 and therefore denies those allegations.

11. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 11 and therefore denies those allegations.

12. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 12 and therefore denies those allegations.

13. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 13 and therefore denies those allegations.

14. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 14 and therefore denies those allegations.

15. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 15 and therefore denies those allegations.

16. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 16 and therefore denies those allegations.

17. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 17 and therefore denies those allegations.

18. RingCentral admits the allegations of paragraph 18.

19. RingCentral incorporates by reference each of its responses in paragraphs 1-18 above.

20. RingCentral admits that on or about November 5, 1996, the '576 patent was issued by the United States Patent and Trademark Office. RingCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 20 and therefore denies those allegations.

21. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 21 and therefore denies those allegations.

22. As to RingCentral only, RingCentral denies the allegations of paragraph 22. RingCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 22 and therefore denies those remaining allegations.

23. As to RingCentral only, RingCentral denies the allegations of paragraph 23. RingCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 23 and therefore denies those remaining allegations.

24. RingCentral incorporates by reference each of its responses in paragraphs 1-18 above.

25. RingCentral admits that on or about February 1, 1994, the '818 patent was issued by the United States Patent and Trademark Office. RingCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 25 and therefore denies those allegations.

26. RingCentral lacks sufficient knowledge to admit or deny the allegations of paragraph 26 and therefore denies those allegations.

27. As to RingCentral only, RingCentral denies the allegations of paragraph 27. RingCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 27 and therefore denies those remaining allegations.

28. As to RingCentral only, RingCentral denies the allegations of paragraph 28. RingCentral lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 28 and therefore denies those remaining allegations.

29. RingCentral admits that Klausner Technologies, Inc. ("Klausner") has demanded a jury trial.

## RESPONSE TO PRAYER FOR RELIEF

RingCentral denies that it infringes or has infringed, either directly or indirectly, any valid and enforceable claim of the '576 patent or the '818 patent. RingCentral also denies that Klausner is entitled to any of the relief requested against RingCentral, including injunctive relief, damages, attorneys' fees, costs, interest, or any other relief of any kind.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Non-Infringement)

30. RingCentral does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the '576 patent.

31. RingCentral does not infringe and has not infringed (either directly, contributorily, or by inducement) any claim of the '818 patent.

### Second Affirmative Defense

### (Invalidity)

32. One or more asserted claims of the '576 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

33. One or more asserted claims of the '818 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

### Third Affirmative Defense

### (Prosecution History Estoppel)

34. Klausner is estopped from asserting that any interpretation of one or more asserted claims of the '576 and '818 patents would be broad enough to cover any RingCentral product Klausner accuses of infringement based on statements, representations, and admissions made during the prosecution of the patent applications that resulted in the '576, '818, and related patents.

### Fourth Affirmative Defense

### (Waiver, Laches, Estoppel)

35.     Klausner's claims for relief, in whole or in part, are barred by the doctrines of waiver, laches, and/or estoppel.

### COUNTERCLAIMS

RingCentral asserts the following counterclaims against Klausner:

### The Parties

36.     RingCentral is a California corporation, with its principal place of business located at 1 Lagoon Drive, #350, Redwood City, CA 94065.

37.     Klausner states that it is a corporation existing under and by virtue of the laws of the State of California.

38.     Klausner alleges to be the owner of all right, title, and interest in and to the '576 patent.

39.     Klausner alleges to be the owner of all right, title, and interest in and to the '818 patent.

### Jurisdiction

40.     These counterclaims for declaratory judgments of invalidity, non-infringement, and unenforceability of the '576 and '818 patents arise under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the Patent Act of the United States, 35 U.S.C. §101, *et seq.*, including but not limited to §§ 102 and 103. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

41.     Klausner has submitted to personal jurisdiction of this Court by bringing the present action.

## Venue

42. Subject to RingCentral's affirmative defenses and denials, venue over these counterclaims is proper in this District Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Klausner brought its complaint for infringement of the '576 and '818 patents in this Court.

## Count 1: Declaratory Relief Regarding the '576 Patent

43. An actual and justiciable controversy exists between RingCentral and Klausner as to the non-infringement, invalidity, and unenforceability of the '576 patent, as evidenced by Klausner's complaint and RingCentral's answer to that complaint, as set forth above.

44. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, RingCentral requests that the Court declare that RingCentral does not infringe and has not infringed any claim of the '576 patent.

45. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, RingCentral requests that the Court declare that one or more claims of the '576 patent are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 102, 103, and 112.

## Count 2: Declaratory Relief Regarding the '818 Patent

46. An actual and justiciable controversy exists between RingCentral and Klausner as to the non-infringement, invalidity, and unenforceability of the '818 patent, as evidenced by Klausner's complaint and RingCentral's answer to that complaint, as set forth above.

47. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, RingCentral requests that the Court declare that RingCentral does not infringe and has not infringed any claim of the '818 patent.

48. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, RingCentral requests that the Court declare that one or more claims of the '818 patent are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 102, 103, and 112.

**WHEREFORE**, RingCentral prays for judgment as follows:

49. That the Court enter a declaration that RingCentral does not infringe and has not infringed the '576 patent;

50. That the Court enter a declaration that RingCentral does not infringe and has not infringed the '818 patent;

51. That the Court enter a declaration that the '576 patent is invalid and unenforceable;

52. That the Court enter a declaration that the '818 patent is invalid and unenforceable;

53. That Klausner's complaint be dismissed with prejudice;

54. That Klausner take nothing from its complaint;

55. That RingCentral be awarded its costs, expenses, and reasonable attorneys fees in this action; and

56. That RingCentral be awarded such other and further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

57. RingCentral hereby demands a jury trial in this action.

Respectfully submitted,

_____
Scott Stevens
State Bar No. 00792024
STEVENS LAW FIRM
P.O. Box 807
Longview, Texas 75606
Tel: 903-753-6760
Fax: 903-753-6761
scott@seslawfirm.com

Attorney for Defendant
RingCentral, Inc.

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 2nd day of January, 2009.

_____
Scott E. Stevens