IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| KLAUSNER TECHNOLOGIES, INC., a New York corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Verizon Wireless (Cellco Partnership d/b/a Verizon Wireless), a Delaware general partnership; Verizon Data Services LLC, a Delaware limited liability company; Bell Atlantic Communications, Inc., a Delaware corporation; Citrix Systems, Inc., a Delaware corporation; Comverse, Inc., a Delaware corporation; Cox Communications, Inc., a Delaware corporation; Embarq Communications, Inc., a Delaware corporation; Google Inc., a Delaware corporation; GrandCentral Communications, Inc., a Delaware corporation; LG Electronics Mobilecomm U.S.A., Inc., a California Corporation; PhoneFusion, Inc., a Delaware corporation; RingCentral, Inc., a California Corporation,<br><br>Defendants. | Case No. 6:08-cv-341 (LED)<br><br>(JURY TRIAL) |

**PLAINTIFF KLAUSNER TECHNOLOGIES, INC.'S REPLY
TO COUNTERCLAIMS OF RINGCENTRAL, INC.**

Plaintiff Klausner Technologies, Inc. ("Klausner") hereby answers the counterclaims of Defendant RingCentral, Inc. ("RingCentral"). The paragraphs in this reply are numbered to correspond with the paragraph numbers in RingCentral's counterclaims; accordingly, the first numbered paragraph is number 36. All of the allegations of the counterclaims not specifically admitted herein are specifically denied.

## The Parties

36. Upon information and belief, Klausner admits the allegations contained in paragraph 36 of RingCentral's counterclaims.

37. Klausner denies the allegations contained in paragraph 37 of RingCentral's counterclaims.

38. Klausner admits the allegations contained in paragraph 38 of RingCentral's counterclaims.

39. Klausner admits the allegations contained in paragraph 39 of RingCentral's counterclaims.

## Jurisdiction

40. Klausner admits that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

41. Klausner admits the allegations contained in paragraph 41 of RingCentral's counterclaims.

## Venue

42. Klausner admits that venue over these counterclaims is proper in this District Court.

## Count 1: Declaratory Relief Regarding the '576 Patent

43. Klausner admits the allegations contained in paragraph 43 of RingCentral's counterclaims.

44. Klausner denies the allegations contained in paragraph 44 of RingCentral's counterclaims.

45. Klausner denies the allegations contained in paragraph 45 of RingCentral's counterclaims.

## Count 2: Declaratory Relief Regarding the '818 Patent

46. Klausner admits the allegations contained in paragraph 46 of RingCentral's counterclaims.

47. Klausner denies the allegations contained in paragraph 47 of RingCentral's counterclaims.

48. Klausner denies the allegations contained in paragraph 48 of RingCentral's counterclaims.

## Prayer for Judgment

Klausner denies that RingCentral is entitled to the judgment it seeks or any relief for the allegations made in its counterclaims.

## Jury Demand

Klausner demands trial by jury of all issues.

Dated: January 15, 2009

Respectfully submitted,

By: /s/ Elizabeth L. DeRieux
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
N. Claire Abernathy
State Bar No. 24053063
CAPSHAW DERIEUX, LLP
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
E-mail: ccapshaw@capshawlaw.com
E-mail: ederieux@capshawlaw.com
E-mail: chenry@capshawlaw.com

Gregory S. Dovel
California State Bar No. 135387
Sean A. Luner
California State Bar No. 165443
Christin K. Cho
California State Bar No. 238173
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 657-7069
E-mail: greg@dovellaw.com
E-mail: luner@dovellaw.com
E-mail: christin@dovellaw.com

**ATTORNEYS FOR PLAINTIFF,
KLAUSNER TECHNOLOGIES, INC.**

### CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served this 15th day of January, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served via electronic mail, facsimile transmission and/or first class mail on this same date.

/s/ Elizabeth L. DeRieux